UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

-------------------------------------------------------
:
AJAMU OSBORNE,                   :   CASE NO. 4:18CV02772
                                 :
         Petitioner,             :
                                 :
vs.                              :   ORDER OF DISMISSAL
                                 :   [Resolving Doc. 1]
STEVEN MERLAK,                   :
                                 :
         Respondent.             :
                                 :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Petitioner Ajamu Osborne filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner neither paid the filing fee nor filed an application to proceed *in forma pauperis*. On December 28, 2018, Magistrate Judge Kathleen Burke issued a deficiency order instructing Petitioner to either pay the filing fee, or complete the attached application to proceed *in forma pauperis*, within thirty (30) days from the date of the order. The order warned Petitioner that failure to comply may result in dismissal of this action without further notice.[2] Petitioner did not respond, or seek an extension of time to comply, within the deadline imposed by the order.

Federal law permits a plaintiff or petitioner to avoid payment of the filing fee required to institute a civil action upon a showing that he is unable to pay the fee. *See* 28 U.S.C. § 1915(a). Osborne filed the petition but did not pay the $5.00 filing fee, and did not respond to the magistrate judge's order to pay the fee or submit an application to proceed *in forma pauperis*.

---

[1] Doc. 1.

[2] Doc. 2.

Case No. 4:18CV02772
Gwin, J.

When a petitioner fails to comply with the Court's deficiency order, the Court must presume that Osborne is not a pauper, assess the filing fee, and dismiss the petition for want of prosecution.³ While *pro se* pleadings are held to less stringent standards than pleadings drafted by lawyers, *pro se* litigants are not entitled to leniency with respect to compliance with readily comprehended court orders and deadlines.⁴

Having failed to comply with the magistrate judge's deficiency order, and having been warned that failure to comply may result in dismissal without further notice, Osborne's § 2241 petition is dismissed without prejudice for want of prosecution.

Accordingly, this action is dismissed without prejudice and closed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: February 5, 2019
                                  *s/      James S. Gwin*
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

³ *See Gravitt v. Tyszkiewicz*, 14 F. App'x 348, 349 (6th Cir. 2001) (affirming dismissal of petition for a writ of habeas corpus where petitioner failed to comply with the district court's deficiency order regarding his application to proceed *in forma pauperis*) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997)); *Blackwell v. Warren*, Civil No. 2:14-CV-11718, 2014 WL 2804191, at *1 (E.D. Mich. June 20, 2014) (same) (citing *Gravitt*, 14 F. App'x at 349); *Drabovskiy v. United States*, No. CIVA 06CV137 HRW, 2006 WL 3366166, at *1 (E.D. Ky. Nov. 20, 2006) (dismissing habeas petition without prejudice for want of prosecution for failing to respond to the court's order) (citing among authorities *McGore*, 114 F.3d at 605); *see also Erby v. Kula*, 113 F. App'x 74, 76 (6th Cir. 2004) (affirming district court's dismissal of a prisoner's § 1983 action for want of prosecution for failing to comply with a deficiency order that clearly identified the documentation required and expressly warned that failure to comply would result in dismissal) (citing *McGore*, 114 F.3d at 605) (further citation omitted).

⁴ *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991) (affirming dismissal of *pro se* plaintiff's case for failure to adhere to readily comprehended court deadlines).